THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**STEVEN BANKS**
*Corporation Counsel*

KEVIN RIZZO
Assistant Corporation Counsel
kevrizzo@law.nyc.gov

August 27, 2026

**VIA ECF**
Honorable Edgardo Ramos
United States District Judge
United States District Court
Southern District of New York

RE: Pamela Greitzer, et al. v. The City of New York, et al., 26-CV-05873 (ER) (RWL)

Dear Judge Ramos:

I am an Assistant Corporation Counsel in the Office of Steven Banks, Corporation Counsel of the City of New York, and attorney for Defendant City of New York ("City"), the New York City Department of Transportation ("DOT"), and Mike Flynn as Commissioner of DOT in the above-referenced action. Defendants write pursuant to Part 2.A of Your Honor's Individual Practice Rules to respectfully request a pre-motion conference related to their anticipated motion to dismiss the complaint (Docket No. 1, "Compl.") pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure and to seek a stay of discovery while the motion is pending.

Plaintiffs in this action assert six claims related to a proposed redesign of Riverside Boulevard and West 72nd Street, from West 68th Street to Central Park West, respectively, on the Upper West Side of Manhattan ("Corridor"). This proposed Street Improvement Project ("Project") is not yet final, as it is currently undergoing a review process required by local law.[1] The Project seeks to add several safety-enhancing features to the Corridor and fill critical gaps in the existing bicycle lane network.

**Plaintiffs' Claims Are Not Ripe for Judicial Review**

The issues raised by Plaintiffs are not ripe for adjudication; therefore, the Court lacks subject matter jurisdiction and the complaint should be dismissed. "Ripeness is a justiciability doctrine designed 'to prevent the courts through avoidance of premature adjudication, from

[1] The Project is also the subject of a New York State Court proceeding brought by counsel for plaintiffs; a temporary restraining order in that proceeding currently enjoins the Project's implementation. See West 72nd St. Neighborhood Residents and Bus. Assoc. Inc. v. The City of New York, et al., Index No. 158653/2026 (Sup. Ct., N.Y. Cty.).

entangling themselves in abstract disagreements over administrative policies, and also to protect agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.'" Nat'l Park Hosp. Ass'n v. DOI, 538 U.S. 803, 808 (2003) (quoting Abbott Labs. v. Gardner, 387 U.S. 136, 149–49 (1967)). A ripeness analysis involves consideration of two primary factors: (1) the fitness of the issues for judicial decision, and (2) the hardship to the parties of withholding court consideration. Id.

Here, both factors demonstrate that the issues raised in the complaint are not ripe. First, the issues are not fit for adjudication because Defendants have not issued a final determination to implement the Project.[2] Accordingly, to the extent Plaintiffs' claims relate to an alleged failure to comply with accessibility standards adopted by the implementing regulations of the Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA"), they cannot be ripe for review. See Texas v. United States, 523 U.S. 296 (1998). Similarly, review of Plaintiffs' claims with respect to discrimination and an alleged denial of benefits would be incomplete without a finalized design and a determination to implement it. As further factual development would assist—and, indeed, is necessary for—judicial review, the matter is not ripe for adjudication. See N.Y. Civil Liberties Union v. Grandeau, 528 F.3d 122, 133 (2d Cir. 2008). Second, the Plaintiffs cannot identify any hardship to them posed by withholding this Court's consideration of these issues pending Defendants finalizing the Project design and reaching a determination as to if and when it will be implemented. Plaintiffs cannot plausibly allege that they are presently injured by a non-final proposal. Accordingly, delaying review will pose no hardship to Plaintiffs.

**Plaintiffs' Discrimination Claims Fail**

Even if Plaintiffs' claims were ripe, they still fail. Plaintiffs ask this Court to extend statutes prohibiting discrimination against individuals with disabilities far beyond any established interpretation of the statutory language and relevant implementing regulations. Plaintiffs point to nothing in the text of those authorities, nor the minimum standards established by the Architectural and Transportation Barriers Compliance Board ("Access Board") that suggest, much less establish, that curbside bicycle lanes interfere with the ADA's protections or reduce accessibility.

Plaintiffs' plain restatement of the standard for every available theory of liability under the ADA and RA (see, e.g., Compl. ¶ 60, 64, 89–91) is insufficient to state a claim pursuant to those statutes. See Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009). To the extent Plaintiffs' legal conclusions are supported by factual allegations, they are premised on the allegation that, if the Project is implemented, individuals must cross a bicycle lane to reach the northern sidewalk of 72nd Street or the western sidewalk of Riverside Boulevard. Alleging that pedestrians must cross street lanes, whether designated for motor vehicles or cyclists, to get to the sidewalk is insufficient as a matter of law to state a claim for discrimination or denial of benefits. Plaintiffs similarly identify no rule or standard to support their claim that curbside bicycle lanes impair accessibility. Plaintiffs' allegations further fail to address the Project's proposal to add new features to enhance accessibility, such as accessible bus-loading islands with additional crosswalks, re-timed crossing signals, and new pedestrian islands.[3] Plaintiffs' allegations that the Project will increase a risk of

[2] DOT has not issued a Notice of Implementation pursuant to New York City Administrative Code § 19-101.2(g).

[3] Plaintiffs' Exhibit A to the complaint is an abridged version of DOT's Presentation of the Project to Manhattan Community Board 7 but does not include the appendix to the presentation. This appendix includes, *inter alia*, a

harm to pedestrians or people with disabilities is unsupported by any evidence; indeed, the evidence offered by Plaintiffs suggest the opposite. See Compl. ¶ 58; Exhibit D to the Compl. at 9 ("Only 3% of Manhattan's bike lanes are protected, and in 2023, 94% of cycling fatalities occurred on roads without protected bike lanes. Infrastructure redesign—including separated lanes and intersection protections—may offer the most immediate opportunity to reduce neurosurgical trauma burden.") (internal citations omitted); see also DOT Presentation at 42–44.

As to Plaintiffs' allegations premised on a failure to accommodate theory, Plaintiffs do not allege that they requested an accommodation, nor do they identify what change to the design is purportedly necessary to make the Corridor readily accessible. Rather, they seek to enjoin the project in its entirety; such relief is, at a minimum, overbroad. Plaintiffs' remaining allegations (see e.g., Compl. ¶¶ 54–58) fail to identify how certain alleged harms are distinct in their effects on people with disabilities. See Rodriguez by Rodriguez v. City of N.Y., 197 F.3d 611, 618 (2d Cir. 1999) ("The ADA requires only that a particular service provided to some not be denied to disabled people"). Nor do Plaintiffs seek liability on a disparate impact theory. As Plaintiffs fail to plausibly allege facts to show discrimination on the basis of disability or a denial of the benefits of City services, programs, or activities due to the proposed Project, they fail to state a claim under the New York State Human Rights Law or New York City Human Rights Law.

**Plaintiffs' Remaining Claims Fail**

Plaintiffs' due process claims must fail as they do not allege a deprivation of a constitutionally protected interest. A due process analysis involves two steps: (1) determining whether a plaintiff has a constitutionally protected interest, and then (2) determining whether existing state procedures are constitutionally adequate. See Kapps v. Wing, 404 F.3d 105, 112 (2d Cir. 2005). Plaintiffs challenge only the relevant procedures but fail to articulate how those procedures have deprived them of any cognizable interest. Accordingly, their claims do not make it past the first step of a due process analysis. As Plaintiffs' allegations are fatally flawed, they cannot state a claim under either the U.S. Constitution or the New York State Constitution. See Oneida Indian Nation v. Madison Cty., 665 F.3d 408,427 n.13 (2d Cir. 2011).

Plaintiffs' claim pursuant to 42 U.S.C. § 1983 (see Compl. ¶ 108) also fails because the ADA and RA cannot be enforced through § 1983, as those statutes create comprehensive remedial frameworks that foreclose relief through the general civil rights enforcement scheme. See Costabile v. N.Y.C. Health & Hosps. Corp., 951 F.3d 77, 83 (2d Cir. 2020).

For the foregoing reasons, the Plaintiffs' complaint should be dismissed.

---

description of the bus loading islands with ADA-compliant features. The full presentation is available at: https://www.nyc.gov/html/dot/downloads/pdf/72nd-st-pbl-apr2026.pdf (hereinafter "DOT Presentation"). Plaintiffs make the conclusory assertion that the bus-loading islands will "exacerbate safety concerns" (Compl., ¶ 51), but they do not claim that they would be inconsistent with any relevant design standards required by the ADA implementing regulations. Plaintiffs imply that buses will be incompatible with the bus islands designed specifically for bus loading; however, the complaint lacks any supporting details to plausibly support that claim. Further, to the extent Plaintiffs' claims relate to the City's provision of pedestrian ramps and accessible crossing signals, such claims are barred by class-action settlements. See Am. Council of the Blind of New York, Inc. v. City of New York, No. 18-CV-5792 (PAE) (S.D.N.Y.); E. Paralyzed Veterans Assoc. v. City of New York, No. 94-CV-435 (GBD) (S.D.N.Y.); Ctr. for Indep. of the Disabled, New York v. City of New York, No. 14-CV-5884 (GBD) (S.D.N.Y.).

Respectfully,

*/s/*

Kevin M. Rizzo
Assistant Corporation Counsel

cc: Counsel for Plaintiffs (via ECF)