BERNSTEIN CHERNEY LLP
ATTORNEYS AT LAW
955 Park Avenue, Fifth Floor West
New York, N.Y. 10028

Hartley T. Bernstein, Esq.
Phone: (212) 381-9684
Fax: (646) 304-8070
hbernstein@bernsteincherney.com

September 1, 2026

Honorable Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, N.Y. 10007

RE: Pamela Greitzer, et al. v. The City of New York, et al., 26-CV-05873 (ER) (RWL)

Dear Judge Ramos:

I am counsel to Plaintiffs Pamela Greitzer, Ed Feinberg, Frank Brady, Matt Schlaffer, Bob Marzulli, Rebecca Helman and Helen Manasse. I write in response to the August 27, 2026 letter from Assistant Corporation Counsel Kevin Rizzo, on behalf of Defendants City of New York ("City"), New York City Department of Transportation ("DOT"), and Mike Flynn as Commissioner of DOT, requesting a pre-motion conference on Defendants' proposed motion to dismiss the Complaint herein and for other relief.

This proceeding, brought by seven disabled individuals, seeks relief in light of Defendants' plan to reconfigure West 72nd Street in Manhattan in order to insert two bidirectional cycling lanes next to the north side curb on West 72nd Street (the "Plan"). Implementation of that Plan, which Mr. Rizzo claims is "necessary" to "fill critical gaps in the existing bike lane network," would require the reduction of existing vehicle lanes, will expose Plaintiffs, and similarly situated disabled persons, to safety risks and impediments to access in violation of the Americans with Disabilities Act ("ADA"), Rehabilitation Act ("RA") and related state and municipal laws and regulations.

As detailed in the Complaint, bikes, e-bikes and other electronic vehicles speeding in opposite directions, in two dedicated lanes alongside the curb, create a particular safety hazard for disabled individuals, blocking curbside access for vehicles and requiring the disabled to traverse a gauntlet to reach buses, taxis, Access-A-Ride, ambulettes and other transportation. These dangers are imminent, not remote; implementation of the West 72nd Street Plan has been delayed solely by a Temporary Restraining Order entered by the New York State Supreme Court in a separate case brought by a different plaintiff; and, as Mr.

Rizzo suggests, DOT remains determined to create the bidirectional cycling lanes that infringe upon Plaintiffs' rights. [1]

**Defendants' Plan is Ripe for Judicial Review**

Defendants' proposed motion would assert that this matter is not "ripe" for judicial intervention because Defendants have not issued a final Notice of Implementation. That position, however, ignores the fact that DOT has previously claimed compliance with each predicate step for implementation required by New York Administrative Code Section 19.-101.2, having advised local elected officials of the Plan (in March and April 2026); communicated the Plan to the Police Department, Fire Department, Mayor's Office of Disabilities, and the New York City Department of Small Business Services (in February 2026); and received approval of the Plan from Community Board 7 (June 2, 2026). **The sole remaining step, issuance of a Notice of Implementation, is exclusively within DOT control and purely ministerial.** DOT controls the timing of such Notice and would be able to manipulate its issuance to preclude Plaintiffs and this Court from any meaningful opportunity to forestall the dangerous reconfiguration of West 72nd Street by delivering it as DOT workers positioned their trucks to begin implementation. No party should have the right to manipulate the jurisdiction of this Court in that manner.

"In order to determine whether an administrative action is ripe for judicial review, a Court must "evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration. *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967). Plaintiffs here satisfy both of these criteria. Violations of the ADA and RA are unquestionably matters for this Court, and therefore "fit" for judicial decision, while the hardships to be suffered by Plaintiffs are tangible and will be felt immediately upon the introduction of the bidirectional cycling lanes and reconfiguration of West 72nd Street.

**The Complaint Properly Pleads Viable Claims**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell v. Twombly,* 550 U.S. 554 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, at 556, The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiffs' Complaint satisfies these standards, setting forth in detail the manner in which the Plan discriminates against and injures Plaintiffs in violation of the ADA and RA; the placement of two bidirectional cycling lanes creates obstacles for disabled individuals,

[1] In West 72nd Street Neighborhood Residents and Business Association Inc. v. the City of New York et al, Index No. 158653/2026, the State Supreme Court has issued a TRO preventing physical alteration of West 72nd Street by DOT and declined to dismiss the Petition. As here, while arguing that the Plan is not final absent a Notice of Implementation, DOT failed to indicate any intention to abandon plan for the bidirectional cycling lanes. Given that TRO, Plaintiffs have refrained from seeking similar relief here at this time.

including access to buses, taxis, and other vehicles (which are denied curbside access), safety hazards faced by those with physical impediments, and obstacles - including interfering with the placement of wheelchair ramps from the sidewalk to the street and exposing the disabled to dangers from traffic in the reduced vehicle lanes when placing wheelchairs, scooters and walkers on buses and other vehicles. Plaintiffs do not ask this Court to "extend" the reach of the ADA and RA, but rather to apply the protections afforded by those statutes to the conditions imposed upon Plaintiffs by DOT

Defendants would, however, ignore the sufficiency of these allegations, arguing instead that DOT's Plan is supported by the very self-serving statistics challenged by Plaintiffs and which are more appropriately explored in discovery and, ultimately, decided at trial. Indeed, for this very reason, the Court should reject Mr. Rizzo's request to delay discovery and allow it to proceed forthwith. Moreover, Mr. Rizzo's letter mischaracterizes Plaintiffs' claims, and minimizes DOT's Plan. The Complaint is not premised upon concern that "individuals must cross ***a*** bicycle lane to reach the northern sidewalk of 72nd Street or the western sidewalk of Riverside Boulevard," as Mr. Rizzo asserts. Rather, Plaintiffs have set forth dangers faced by disabled individuals ***when crossing two bidirectional curbside cycling lanes*** **from** ***the north side of West 72nd Street***.

At the same time, Defendants erroneously claim that Plaintiffs fail to address "bus-loading islands and "pedestrian islands" introduced by DOT, purportedly to enhance accessibility. As Plaintiffs allege at Paragraph 51 of the Complaint, the proposed "bus islands" would only exacerbate safety concerns; disabled individuals would be left without sufficient space to maneuver wheelchairs, mopeds or walkers while avoiding speeding bikes and e-vehicles, while ramps required for entering and exiting buses would abut or cross the bike/e-bike lanes, leaving disabled individuals vulnerable to accidents and injury. Similarly, DOT's suggestion that pedestrian islands will enhance safety by shortening cross-distance is illusory since Plaintiffs would be required to cross the bidirectional cycling lanes and avoid speeding bikes and e-bikes to reach those "islands."

Such pretenses do not satisfy DOT's obligation to accommodate disabled individuals. The need for such reasonable accommodation, which in this instance would require means for curbside vehicle access, is inherent in Plaintiffs' allegations. At the same time, it is transparent that disabled persons will receive disparate treatment from that afforded to cyclists if the Plan is implemented.

**<u>Plaintiffs' Other Claims Are Proper and Appropriate</u>**

Plaintiffs have viable due process claims. "'Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified.' ...It is equally fundamental that the right to notice and an opportunity to be heard 'must be granted at a meaningful time and in a meaningful manner.'" (Internal citations omitted). *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972). Defendants have failed to comply with this requirement by providing Plaintiffs with an opportunity to contest the Plan in a reasonable time or manner. Moreover, Defendants cite no authority to suggest that Plaintiffs' claims under the ADA may not be enforced under § 1983.

Respectfully,

Hartley T. Bernstein

Hartley T. Bernstein

.